UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNA ERVIN

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY

    Defendant.
_____/

Case No. 22-10892

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

U.S. MAGISTRATE JUDGE CURTIS IVY JR.

**OPINION AND ORDER: (1) ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [ECF No. 15]; (2) OVERRULING PLAINTIFF'S OBJECTIONS [ECF No. 16]; (3) GRANTNG DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, [ECF No. 13]; (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 14]; AND (5) AFFIRMING THE COMMISSIONER'S DECISION**

## I. INTRODUCTION

This matter is before the Court on Magistrate Judge Curtis Ivy's Report and Recommendation on Cross Motions for Summary Judgment ("R&R") [ECF No. 15]. Dated April 4, 2023, Plaintiff Joanna Ervin brought this action pursuant to 42 U.S.C. § 405(g). She asks the Court to review Defendant Social Security Commissioner's ("Commissioner" or "Defendant") denial of her applications for Disability Insurance Benefits ("DIB"). Defendant's Motion for Summary Judgment requests that the Court affirm the Commissioner's decision. Magistrate Ivy's R&R recommends granting Defendant's motion, denying Plaintiff's motion, and affirming the

1

Commissioner's decision. Plaintiff filed objections to the R&R on April 18th, 2023, and Defendant responded to these objections on May 2, 2023. Plaintiff's objections are fully briefed.

For the reasons discussed below, the Court: **ADOPTS** Magistrate Judge Ivy's R&R; **OVERRULES** Plaintiff's objections; **GRANTS** Defendant's Motion for Summary Judgment; **DENIES** Plaintiff's Motion for Summary Judgment; and **AFFIRMS** Commissioner's decision. Magistrate Judge Ivy correctly determined that substantial evidence supports the ALJ's determination that Plaintiff is not disabled and is able to perform light work.

**II. PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff alleges that her disability began July 12, 2019. On November 4, 2019, she filed a Title II application for a period of disability and disability insurance. She asserts that her disability is the result of fibromyalgia, degenerative disc disease, pain syndrome, arthralgia, seronegative spondyloarthropathy, inflammatory polyarthropathy, asthma, chronic fatigue syndrome, adjustment disorder anxiety and depression [ECF No. 8, PageID.125]. Her claim was denied on February 27, 2020. [ECF No. 8, PageID.56]. Plaintiff appealed to the reconsideration level, where her claim was again denied. [ECF No. 15, PageID. 626]. Following these denials, Plaintiff requested a hearing with an Administrative Law Judge ("ALJ"). [Id.]. ALJ Kevin Fallis conducted a hearing and issued his decision finding that Plaintiff was

2

not disabled on January 21, 2021. [Id.]. To come to this determination, ALJ Fallis addressed the five-step sequential evaluation set out by 20 CFR § 404.1520(a)(4), the Social Security Administration's regulations for determining disability status. The ALJ made findings pertaining to each step of the sequential evaluation. The Court will describe them below.

1. The first step determines if the claimant has undertaken any "substantial gainful activity" since the alleged onset of the disability. 20 CFR§ 404.1520(a)(4)(i). Ms. Ervin was found to not have engaged in any substantial gainful activity since her alleged date of July 12, 2019. [ECF No. 8, PageID.58].

2. The second step gauges the severity of the impairments in the claimant that endure for at least a continuous period of twelve months. 20 CFR § 404.1520(a)(4)(ii), 20 CFR § 404.1509. Ms. Ervin was found to have severe impairments that limited her ability to perform basic work activities as required by SSR 85-28[1]. [ECF No. 8, PageID.59].

3. At step three, the ALJ found that these impairments are not severe as described in 20 CFR Part 404, subpart P, Appendix . [ECF No. 8, PageID.59]. The ALJ also found moderate limitations stemming from Ms. Ervin's impairments, but those limitations were not enough to satisfy the criteria laid out in the Social Security Administration's regulations for both mental and physical impairments. [Id.] Regarding the claimant's mental impairments, ALJ Fallis found that the Plaintiff's mental impairments were moderate and do not satisfy the criteria listed in paragraph B of Listing 12.15 which states that there must be an "extreme limitation of one or marked limitation of two" areas of mental functioning [Id.].

---

[1] SSR 85-28's purpose is to clarify the policy for determining when a person's impairments may be found to be not severe and therefore not disabling. Where an impairment only creates a slight abnormality, is not severe. If multiple impairments exist, they must be evaluated together, not separately, to determine if they are severe. If the multiple impairments do not have more than a minimal effect on a person's physical or mental abilities to perform work, then they are not severe.

4. At step four, the ALJ found that Ms. Ervin has the Residual Functioning Capacity ("RFC") to perform light work with some restrictions. At this step, the ALJ also determined that Plaintiff was unable to perform any past relevant work. [ECF No.8, PageID.60].

5. At step five, the ALJ is tasked with weighing a claimants age, education, work experience and RFC to determine whether there exists a significant number of jobs in the national economy that the plaintiff can perform, this step is done in collaboration with a vocational expert. ALJ Fallis determined that the Plaintiff could obtain a job as bench assembler, inspector, or a packer given her limitation. [ECF No.8, PageID.74]. These jobs each have at least 20,000 openings nationally. [Id.]

Pursuant to this sequential evaluation, the ALJ determined that Plaintiff was not disabled. [ECF No.8, PageID.75]. Based on the ALJ's determination, Plaintiff submitted a request for review of the hearing decision. [ECF No.8, PageID.258]. The Appeals Council denied her request on March 2, 2022. [ECF No. 15, PageID.626]. This denial makes the ALJ's decision binding on the parties. 20 C.F.R § 416.1481. The Plaintiff timely commenced the instant action on April 26, 2022. Magistrate Judge Ivy's Report and Recommendation (R&R) was entered on April 4, 2023. The Report and Recommendation finds that the ALJ applied the correct legal standards in making his determination and that these determinations were supported by substantial evidence in the record. [ECF No.15, PageID.640] Per the procedure on objections found in Federal Rule of Civil Procedure 72(b)(2), Plaintiff timely filed

three objections and Defendant timely filed its responses to these objections. See Fed. R. Civ. P. 72 and Local rule 72.1(d). The court will discuss them below.

## II. STANDARD OF REVIEW

The standard of review for a Magistrate Judge's Report and Recommendation is detailed in 28 U.S.C. § 636. The District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636 (b)(1)(C). After a Magistrate Judge encapsulates his proposed findings in a Report and Recommendation and objections have been raised, the District Court "shall make a de novo determination of those portions of the report or specified proposed findings to recommendations to which objection is made". *Id*. After an R&R is entered, failure to file specific objections would constitute a waiver of any further right of appeal. See *Stockard v. Astrue*, 293 F. App'x 393, 394 (6th Cir. 2008).

42 U.S.C. § 405(g) outlines the standards of review for decisions of the Social Security Commissioner. A decision pertaining to the Social Security Commissioner's findings can be made with or without a remand for a rehearing. *Id*. The findings of fact made by the commissioner are reviewed and found to be conclusive if they are supported by substantial evidence and were made pursuant to the proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007). Substantial evidence is defined as "more than a scintilla…but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Id.* (Citing *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284 (6th Cir. 1994)). So long as the Commissioner's decision is supported by substantial evidence found within the record, it must be affirmed. *Rogers* at 241.

### III. ANALYSIS

Plaintiff raises three objections. The first two objections assert that the ALJ improperly determined that the mental health evaluation conducted on the plaintiff by Dr. Zaroff was only partially persuasive. The last objection asserts that the ALJ improperly evaluated the Plaintiff's RFC considering her prescription for a cane.

### a. Objections 1 and 2: Dr. Zaroff's Mental Health Evaluation

Plaintiff argues the ALJ erred in finding that psychiatrist Dr. Mark Zaroff's evaluation relied too heavily on subjective material and that it was not properly evaluated under the regulatory definitions of supportability and consistency. [ECF No. 16, PageID.643- 645]. Plaintiff insists that Dr. Zaroff's report fulfilled the necessary criteria of being supportable and consistent as found in 20 CFR § 404.1520c(b)(2).

When evaluating medical courses, supportability and consistency are the most important factors to determine a medical finding's persuasiveness. When evaluating medical opinions, the treating physician's medical opinion must be given controlling

6

weight. 20 C.F.R § 404.1527(c)(2). This requirement is so significant that the Sixth Circuit had held that failure to articulate "good reasons for discounting a treating physicians' opinion 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Gearing v. Comm'r of Soc. Sec*, 417 F.Supp.3d 928 (N.D. Ohio, Oct. 24, 2019) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d. 234, 243 (6th Cir. Oct. 26, 2006).

The Magistrate Judge was correct in finding the ALJ had good reasons for determining that Dr. Zaroff's evaluation was only partially persuasive due to its lack of supportability and consistency. Supportability is shown when medical sources support their medical opinions or prior administrative findings with "more relevant…objective medical evidence and supporting explanations". 20 C.F.R § 416.920c(c)(1). An analysis of supportability also "focuses on the physicians' explanations of the opinions". *Hauge v. Comm'r of Soc. Sec.*, No 20-13084, 2022 WL 965027, at *2 (E.D. Mich. Mar. 30, 2022) (internal citations omitted). Consistency is found where the medical opinion is consistent with evidence from other medical and non-medical sources in the claim. 20 C.F.R. § 416.920c(c)(2). Other factors also considered include the treating physician's relationship with the plaintiff, the length of the treatment relationship, frequency of examinations, purpose and extent of the treatment relationship, specialization, and any other factors that support or undermine the medical opinion. 20 CFR § 404.1520c(c)(3) (i-v).

7

In his opinion dated February 18, 2020, Dr. Zaroff gave Ms. Ervin a prognosis of "poor" and stated she seemed overwhelmed and easily upset [ECF No. 8, Page ID .450]. He notes that she would have "moderate to marked" impairment with her ability to understand, remember and carry out complex instruction [Id.]. Her social interaction was also found to be "markedly impaired" [Id.]. His prognosis states that plaintiff believes she has a marked impairment in her ability to work. [Id.]. Dr Zaroff finds no impairment in her ability to understand, remember, and apply simple instructions to carry out [Id.]. He found that her intonation was at times monotoned, and her rhythm of speech could become rapid, with words and sentences running into one another [ECF No.8, PageID.448]. Within the report, Dr. Zaroff finds that the plaintiff has no trouble articulating logical thoughts, was well oriented, and had complete conceptions of person, time, and space [Id.].

Dr. Zaroff's evaluation was only partially persuasive because it relied on the plaintiff's own subjective self-reports of her poor mental state. [ECF No.8, PageID.67]. His medical opinion was not generally consistent with the record as a whole. [Id.]. A lack of objective support undermines the supportability of the evaluation. For example, Dr. Zaroff's opinion states she had deficiencies in social interactions, despite his own report and others finding that she had healthy relationships with her husband and friends, and that she had never been dismissed or fired from pervious employment due to personality issues. [ECF No.8,

PageID.59]. The Magistrate Judge correctly determined that the ALJ's conclusion regarding the lack of supportability, consistency, and other factors was supported by substantial evidence.

The ALJ noted subsequent mental health visits found that the plaintiff had impairments in her mental functions, matching Dr. Zaroff's opinion. [ECF No.8, PageID.450]. But these visits were inconsistent in accounting for the severity of these impairments, thus undermining the supportability and consistency of Dr. Zaroff's opinion. [ECF No.8, PageID.67]. Following her February appointment, on March 24, 2020, Plaintiff had a telehealth visit that indicated her speech was normal, contrary to Dr. Zaroff noting her speech was impaired. [ECF No.8, PageID.67]. The ALJ noted a series of appointments dated July 20, 2020, August 3, 2020, August 24, 2020, and October 5, 2020 [ECF No.8, PageID.69]. It is not stated in ALJ Fallis' opinion who these appointments were conducted by, but they all were presumably conducted by other treating physicians. In each of these appointments, Plaintiff's demeanor is reported as "calm, cooperative, and alert and oriented in all spheres" but showed impairment in her speech and thought processes. [Id.]. Dr. Zaroff found the plaintiff to be distressed and overwhelmed. [ECF No.8, PageID.450]. But at other appointments, Plaintiff stated she was in no apparent distress [ECF No.8, PageID.72.]. Dr. Zaroff's evaluation is not consistent with the other mental health

9

evidence on the record, including the plaintiff's own reports. [ECF No.8, Page ID.72].

The repeated inconsistencies in Plaintiff's mental impairments and behaviors create contradictions between Dr. Zaroff's opinion and the rest of the Plaintiff's mental health medical records that cannot be ignored. These contradictions undermined Dr. Zaroff's evaluation enough for the ALJ and Magistrate Judge to deem it only partially persuasive when taken with the rest of the evidence. See *Springer v. Commissioner of Social Security*, 451 F. Supp. 3d 744 (E.D Mich. Mar. 31, 2020). (Finding that the ALJ acted properly when discounting a claimant's statement when the ALJ demonstrated specific medical evidence and statements from the claimants that ran counter to his assertions of severity in regard to his impairments). The Court agrees and substantial evidence supports the ALJ's conclusion.

Plaintiff attempts to discredit the ALJ's reference to *Hauge v. Comm'r of Soc. Sec.* No. 20-13084, 2022 WL 965027 (E.D. Mich. Mar. 30, 2022) as showing that reliance on subjectivity is only permissible where there are concerns about veracity. [ECF No. 16, PageID. 664]. In *Hague*, the claimant objected to the Magistrate Judge's Report and Recommendation that found multiple doctors, including psychiatrist Dr. Bray's, opinions unpersuasive because Dr. Bray found that the claimant had a marked impairment in her ability to interact with coworkers, pay

10

attention, and perform multi-step tasks. *Id.* at *3. The court in *Hauge* accepted the Magistrate Judge's R&R and overruled the plaintiff's objections. *Id.* at *9. In *Hauge,* the District Judge found that the R&R contained sufficient explanation to render Dr. Bray's medical opinion unpersuasive for a patient with an otherwise "benign" medical history. *Id.* at *4.

The plaintiff in *Hauge* submitted similar objections to the Plaintiff in this case, arguing that the ALJ failed to properly explain how the ALJ concluded that a treating doctor's opinion relied too heavily on subjective accounts. *Id.* at *4. Plaintiff misinterprets the R&R's use of *Hauge v. Comm'r of Soc. Sec.* because Magistrate Judge Ivy's relies on that case only to provide practical definitions and guidelines for the types of analysis courts conduct when looking at the supportability and consistency prongs of the evaluation of medical opinions found in 20 CFR § 404.1520C**.** [ECF No.15, PageID.635]. The R&R cites to *Hauge* to demonstrate the criteria fact finders use to reach a similar decision in a previous case to this one. Similarly*,* Magistrate Judge Ivy identified specific evidence in the record that contradicts Dr. Zaroff's subjective and objective findings. This includes an appointment that occurred prior to the Zaroff evaluation; that at the appointment a doctor observed that Plaintiff had a normal speaking pattern and no apparent distress. [ECF No.15, PageID. 636] Thus, the use of *Hauge* is proper. The R&R does not assert that Dr. Zaroff was uncritical in his evaluation, as the Plaintiff suggests. [ECF

11

No. 16, PageID.644]. The R&R discounts only the parts of Dr. Zaroff's evaluation that are not supported by objective evidence or subsequent evaluations. [ECF No.8, PageID.67].

As a treating physician, Dr. Zaroff's opinion is entitled to greater deference than non-treating physicians. However, the ALJ in this case provided good reasons why a portion of the opinion was only partially persuasive. For example, the ALJ notes that non treating state agency psychological consultant's assessments were only partially persuasive due to them being based on a partial evidentiary record, making those findings not generally consistent with the record as a whole. [ECF. No.8, PageID.71]. The ALJ takes Dr. Zaroff's opinions and diagnoses into account when determining the plaintiff's mental limitations. Plaintiff is listed as having anxiety, depression, PTSD, adjustment disorder, and bipolar disorder in ALJ Fallis' opinion. [ECF No. 8, PageID.59]. These diagnoses stem from Dr. Zaroff's and other treating physicians' opinions. The ALJ tempers the medical opinions by adjusting them for their supposed severity when multiple doctor's appointments demonstrated that Plaintiff symptoms can fluctuate in intensity.

The cases Plaintiff cites to persuade the Court that the ALJ improperly discounted a portion of Dr. Zaroff's opinion are distinguishable. Plaintiff cites *McFarland v. Comm'r of Soc. Sec.*, No. 1:21-CV-01225, 2022 WL 3921099 (N.D. Ohio Aug. 31, 2022), arguing that the observations and diagnosis made by medical professionals

12

may be considered in evaluating disability status when mental illness is the basis of a disability claim. [ECF No. 16, PageID.645]. The ALJ in *McFarland* discounted the psychological evidence that was gathered from the claimant's long time school counselor, Ms. Carrabine. Ms. Carrabine's numerous reports found that the claimant was consistently well groomed and cooperative but had a constricted affect. Another psychologist, Dr. McGee, made similar findings about the claimant's eye contact, appearance, and temperament. *Id.* at *2-4. These findings remained consistent over time and across doctors, satisfying the criteria of consistency and supportability demanded by the SSR guidelines. Despite this, the ALJ determined that Ms. Carrabine's opinion was unpersuasive. The ALJ did not explain how he weighed Ms. Carrabine's evaluations compared to other medical and non-medical evidence in the record and therefore did not satisfy the requirement to do so under 20 C.F.R. § 404.1520c(a)**.** *Id.* at *14. His decision lacked an explanation of consistency and supportability, instead only stating that the claimant was "making an effort" to keep up in school. *Id.* at *14.

The ALJ in *McFarland* failed to make his decision using the substantial evidence in the record. Substantial evidence is lacking where there is "a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions … even where the conclusion of the ALJ may be justified based upon the record."

13

*McFarland v. Comm'r of Soc. Sec. Administration*, No. 1:21-CV-01225-DAR, 2022 WL 3947134, at *15 (N.D. Ohio Aug. 2, 2022), report and recommendation adopted sub nom. *McFarland v. Comm'r of Soc. Sec.*, No. 1:21-CV-01225, 2022 WL 3921099 (N.D. Ohio Aug. 31, 2022) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)).  The ALJ in *McFarland* failed to "create the accurate and logical bridge necessary between the evidence and the result". *Id.*

As stated above, the ALJ in this case provided good reasons and a thorough description of the reasons why he thought Dr. Zaroff's opinion was only partially persuasive. The ALJ's conclusion is supported by substantial evidence. ALJ Fallis points out that the plaintiff had no trouble thinking logically and being oriented in reality throughout all her evaluations. [ECF No.8, PageID. 67, 69]. Her speech and mood are distressed only occasionally. [ ECF no. 8, PageID. 72]. As noted in the R&R, that the plaintiff had control over her mental faculties in her appointments suggests that Dr. Zaroff's opinion is contradicted in the record and is therefore only partially persuasive. Further, Dr. Zaroff's opinion makes reference to her poor speech, difficulty regulating her mood, and greater limitations in dealing with people, which are not restated in any other psychological evaluation. [ECF No. 8, PageID.67]. In these other evaluations, these symptoms and observations were not mentioned or were described at varying levels of intensity, undermining the supportability and consistency of Dr. Zaroff's opinion [ECF No. 8, PageID. 67-69].

Plaintiff also cites *Blankenship v. Bowen* to argue that the Sixth Circuit looks unfavorably upon courts rejecting mental health professional's opinion it being too subjective because the mind "cannot be probed…in order to obtain objective clinical manifestations of medical illness." [ECF No.8, PageID.645] (quoting *Blankenship v. Bowen*, 874 F.2d 1115, 1121 (6th Cir. 1989)). In *Blankenship*, the Secretary of Health and Human Service's decision regarding claimant Bower's ability to perform sedentary and light jobs was found to be unsubstantiated by the evidence in the record and the ALJ reversed the decision of Secretary. *Blankenship*, 874 F.2d at 1120. The Secretary was found to have erroneously disregarded psychiatrist Dr. George's opinion. *Id.* at *1121. It was remanded so that additional evidence regarding the claimant's progressive impairment could be obtained. *Id.* at *1124. The Secretary determined that claimant Blankenship could do sedentary work despite him having physical impairments, visual hallucinations, and a progressive mental disorder. *Id.* at *1120-1121. Dr. George's findings were disregarded despite there being no other evidence in the record that contradicted his conclusions. *Id.*

The circumstances that arise in *Blankenship* depart from the facts of this case. Dr. Zaroff's diagnosis of the Plaintiff's speech and behaviors is contradicted by subsequent appointments where the plaintiff spoke normally and was calm and cooperative. [ECF No.15, PageID.636]. The reliance on subjective reports in *Blankenship* was specialized to that particular case because the claimant's

15

progressive and degenerative mental disorder made it difficult to discern when the disability began for purposes of the evaluation. *Id.* at 1121. This is distinct from the instant case, as there is no dispute regarding the veracity of Plaintiff's alleged onset date of July 12, 2019, nor is there an argument that plaintiff's mental disorder as progressive as Blankenship's. [ECF No. 8, PageID.58]

Magistrate Judge Ivy correctly determined that ALJ Fallis viewed the record in its entirety and described with sufficient specificity his explanations for determining Dr. Zaroff's opinion was only partially persuasive because of its inconsistency with the rest of the record. Thus, Plaintiff's objections one and two are **OVERRRULED**.

### b. Objection 3: Plaintiff's Prescription for a Cane

Plaintiff's third objection pertains to the ALJ's decision to not consider the plaintiff's use of a cane when determining her residual functioning capacity ("RFC"). Plaintiff takes issue with the ALJ's failure to adopt the prescribing physician assistant's opinion as evidence of a medical impairment affecting her RFC. [ECF No. 16, PageID.646]. Plaintiff avers that the ALJ is required to explain why the opinion and cane usage was not adopted according to the requirements of SSR 96-9P.

SSR 96-9P provides guidance for determining a person's capabilities within their RFC and requires an ALJ to explain why the cane was not a medically required limitation. SSR 96-9p. When conducting an RFC analysis, the Social Security

Commission states limitations and restrictions are to be weighed along with other factors, like the ability to perform any past relevant work, age, and education level, to determine an occupational base. 20 CFR § 404.1520(a)(4)(i)-(v). Devices like canes can constitute a restriction or limitation but must be "medically required". SSR 96-9p. For a cane to be deemed medically required "There must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain' and any other relevant information)." SSR 96-9p. Therefore, a cane can only be considered a limitation within an RFC analysis when it is medically required and has specific documentation requiring its use.

Case law has found that prescriptions that could be indictive of medical necessity should describe "the frequency with which the cane should be used, its purpose, or its limit on the plaintiff's ability to perform light work". *Marko v. Comm'r of Soc. Sec.*, No. 2:16-cv-12204, 2017 WL 3116246, at *5 (E.D. Mich, July 21, 2017). See also *Salem v. Colvin*, No. 14-cv-11616, 2015 WL 12732456, at *4 (E.D. Mich. Aug. 3, 2015) (finding that the ALJ did not err in omitting the use of a cane as a limitation despite it being prescribed when the prescription did not "indicate the circumstances" in which it would be needed); *Schwartz v. Comm'r of Soc Sec.*, No. 4:18-cv-12190, 2019 WL 394363, (E.D. Mich, Aug. 1, 2019), *Report*

*and recommendation adopted sub nom. Schwartz v. Comm'r of Soc. Sec.*, No. 18-cv-12190, 2019 WL 3936666, (E.D. Mich. Aug. 20, 2019). As it pertains to the Plaintiff's final RFC determination it has been held that "[A] lack of documentation that a cane was medically necessary" leads to a valid determination that claimants can perform light work with some restrictions. *Perdue v. Colvin,* No. 15-cv-14006, 2017 WL 362668, (E.D. Mich., Jan. 9, 2017).

Plaintiff bases her objection solely on the precedent derived from *Palmer v. Comm'r of Soc. Sec.¸* No. 19-cv-11020, 2020 WL 5209358, (E.D. Mich., Sep. 1, 2020). *Palmer* rejected the Magistrate Judge's R&R and determined that the ALJ erred in omitting the use of a cane when determining claimant Palmer's RFC factor. The claimant objected that the ALJ should have either allowed her cane to be a limiting factor in her RFC evaluation or should have given a better explanation as to why the cane was not included. This objection was sustained when the court found that the ALJ did not give an adequate account of the claimant's limitation. But such explanations are only prompted when "the evidence and the RFC limitations are not readily reconcilable. *Id.*, at *3. The record in *Palmer* suggests a continuous use and need for a cane, even for activities as simple as moving around the claimant's own home. *Id.* at *2. The opinion in *Palmer* points out medical records that describe a "moderate limp" as well as prescriptions for the cane that describe how Ms. Palmer

18

was to use the cane and for how long that the ALJ disregarded with no explanation. *Id.* at *2 (E.D. Mich, Sept. 1, 2020).

Unlike *Palmer*, Plaintiff's prescription was not as detailed. As Magistrate Ivy states in his R&R, ALJ Fallis was diligent in explaining the circumstances that led to Ms. Ervin's RFC determination and in showing why the cane need not be a factor. [ECF No.15, PageID.639]. The prescription administered by Physician Assistant Rolfe is brief in its explanation [ECF No.8, PageID.538]. It mentions neither frequency and time of use nor any limitations surrounding the use of the cane [Id.] It is not predated by any records indicating cane usage. [ECF No.8, PageID.69]. The cane was initially prescribed at the plaintiff's request to account for side effects from medication the plaintiff no longer takes [ECF No.8, PageID.62]. Additionally, plaintiff's medical records from multiple providers across multiple years do not suggest any weakening or worsening in her musculoskeletal strength or an inability to balance and ambulate that would be mitigated by using a cane [ECF No.8, PageID.69]. The ALJ described all of these details with specificity, which meets the standard required under SSR 96-9p. Thus, Plaintiff cannot prevail on her demand for more explanation pursuant to the *Palmer*. The R&R is correct in finding that the ALJ's determination is supported by substantial evidence.

I.     **Conclusion**

The Court: **ADOPTS** Magistrate Judge Ivy's R&R; **OVERRULES** Plaintiff's objections; **GRANTS** Defendant's Motion for Summary Judgment; **DENIES** Plaintiff's Motion for Summary Judgment; and **AFFIRMS** Commissioner's decision. Magistrate Judge Ivy correctly determined that substantial evidence supports the ALJ's determination that Plaintiff is not disabled and is able to perform light work.

**SO ORDERED.**

Dated: September 7, 2023 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 7, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk